United States District Court
Southern District of Texas
**ENTERED**
May 21, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JACOB SHAW, *et al.*,, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 5:17-CV-142 |
| CAS, INC., *et al.*, | § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Parties' Agreed Motion for Final Approval of Settlement and Dismissal with Prejudice. (Dkt. No. 56). On April 13, 2018, the District Court referred the motion under 28 U.S.C. § 636 to the undersigned for findings of fact, conclusions of law, and a recommended disposition. (Dkt. No. 57).

In a detailed Order issued January 31, 2018, the District Court evaluated the Parties' proposed settlement agreement and request for attorney's fees. (Dkt. No. 48). The Court found that there was a bona fide dispute between the parties, that the proposed settlement agreement was a fair and reasonable resolution of the dispute, and that the contingency fee requested was fair and reasonable. (*Id.*) The Court therefore granted the Parties' motion for preliminary approval. (*Id.*)

The Parties now move for final approval of the settlement agreement and dismissal of this action with prejudice. (Dkt. No. 56). In order for the agreement to be finalized, the terms of the settlement agreement require 70% of the putative class to opt into the settlement within 60 days of delivery of notice to the putative class. (*Id.*) The 60-day period expired on April 6, 2018. By that date, more than 90% of the putative class had accepted the settlement. (*Id.*) Accordingly, the requirements for final approval of the settlement agreement have been met.

Therefore, for the reasons set out in the District Court's January 31, 2018 Order granting preliminary approval of the settlement agreement, and for the reasons set out above, the undersigned **RECOMMENDS** that the settlement agreement be **APPROVED**. The undersigned further **RECOMMENDS** that this case be **DISMISSED** with **PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

Any party with no objection to this Report and Recommendation is encouraged to file a Notice of Non-Objection promptly in order to allow the District Court to expedite its consideration of these findings.

SIGNED this 21st day of May, 2018.

*Diana Song Quiroga*
_____
DIANA SONG QUIROGA
United States Magistrate Judge