United States District Court
Southern District of Texas
**ENTERED**
June 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JACOB SHAW, *et al.*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-142 |
| CAS, INC., *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM & ORDER

In this Fair Labor Standards Act (FLSA) case, Plaintiffs brought a collective action against Defendants for allegedly failing to pay them overtime wages when they worked more than 40 hours in a given workweek. (Dkt. 1 at 9–11.) The parties eventually settled, and in November 2017, they filed a joint motion for preliminary approval of the settlement agreement. (Dkt. 39.) However, in December 2017, the parties filed an amended settlement agreement (Dkt. 43) and an amended motion for preliminary approval (Dkt. 41). The parties also separately filed motions to seal both the original and amended settlement agreements. (Dkts. 37, 42.) On January 31, 2018, Judge George P. Kazen granted the parties' motion for preliminary approval of the amended settlement agreement.[1] (Dkt. 48.) Then, in April 2018, the parties filed a joint motion for final approval of the amended settlement agreement and to dismiss the case with prejudice. (Dkt. 56.) The Court referred the motion for final approval of the amended settlement agreement to the Magistrate Judge for findings of fact, conclusions of law, and a recommended disposition. (Dkt. 57.)

There are now two items pending before the Court. The first item is the Magistrate

---

[1] Judge Kazen also denied the parties' motion for preliminary approval of the original settlement agreement as moot. (Dkt. 48.)

Judge's Report and Recommendation (Dkt. 60) recommending that the Court grant (1) the parties' motion for final approval of the amended settlement agreement and (2) the parties' motion to seal the original November 2017 settlement agreement. The second pending item, which was left unaddressed by the Magistrate Judge, is the parties' motion to seal the amended December 2017 settlement agreement. (Dkt. 42.)

The Court agrees with the Magistrate Judge that the amended settlement agreement should be approved. But for the reasons discussed below, it disagrees with the Magistrate Judge's recommendation to seal the original November 2017 settlement agreement. Therefore, the Court will accept the Report and Recommendation in part and reject it in part. It will also deny the parties' motion to seal the amended December 2017 settlement agreement.

## Discussion

The Court will first address the Magistrate Judge's recommendation to grant the parties' motion for final approval of the amended settlement agreement. It will then turn to the parties' motions to seal.

### A. Motion to Approve the Amended Settlement Agreement

The parties were duly noticed of their right to object to the Magistrate Judge's Report and Recommendation, and they accordingly filed a joint notice of non-objection. (Dkt. 61.) Having now reviewed the matter as provided by 28 U.S.C. § 636, the Court hereby ACCEPTS the Magistrate Judge's recommendation to grant the parties' motion for final approval of the amended settlement agreement. Thus, the parties' joint motion for final approval of the amended settlement agreement (Dkt. 56) is hereby GRANTED, and the amended settlement agreement is hereby APPROVED.

B.     **Motions to Seal**

The parties filed two settlement agreements in this case, the original in November 2017 and an amended version in December 2017. (Dkts. 38, 43.) Both settlement agreements were accompanied by motions to seal. (*See* Dkts. 37, 42.) The Magistrate Judge recommended granting the motion to seal the original November 2017 settlement agreement but did not address the motion to seal the amended December 2017 settlement agreement.

Although neither party objected to the Magistrate Judge's Report and Recommendation, the Court retains authority to alter or reject the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636.

There is a "strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review." *Parrish v. Def. Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Id.* Thus, absent an "extraordinary" reason, settlement agreements in FLSA cases should remain unsealed. *Id.*; *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008).

The parties' motions to seal are only one page in length and provide no reason or justification for sealing either settlement agreement. (*See* Dkts. 37, 42.) The parties therefore fail to overcome the "strong presumption" that FLSA settlement agreements ought to remain unsealed. *See Parrish*, 2013 WL 372940, at *1. Accordingly, the Court hereby REJECTS the Magistrate Judge's recommendation to grant the parties' motion to seal the original November 2017 settlement agreement. Thus, the parties' motion to seal the original November 2017 settlement agreement (Dkt. 37) is denied. For the same reason, the parties' motion to seal the

amended December 2017 settlement agreement (Dkt. 42) is also denied.

## Conclusion

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (Dkt. 60) is hereby ACCEPTED in part and REJECTED in part. The parties' joint motion for final approval of the amended settlement agreement (Dkt. 56) is hereby GRANTED, the amended settlement agreement is hereby APPROVED, and this case is hereby DISMISSED WITH PREJUDICE. However, the parties' motions to seal the original and amended settlement agreements (Dkts. 37, 42) are hereby DENIED. The Clerk of Court is therefore DIRECTED to UNSEAL the settlement agreements (Dkts. 38, 43) 30 days after the entry of this Order. The Clerk of Court is further DIRECTED to TERMINATE this case.

IT IS SO ORDERED.

SIGNED this 29th day of June, 2018.

_____
Diana Saldaña
United States District Judge